**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRIAN J. WEBB
ADC # 141031                                                                                                        PLAINTIFF

V.                                            5:09-cv-00332-JMM-JJV

RICHARD L. CLARK, *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   PROCEDURAL HISTORY

Plaintiff, Brian Webb, alleges in his *pro se* 42 U.S.C. § 1983 Complaint that the Defendants used excessive force against him, in violation of his Eighth Amendment rights. Plaintiff made a timely demand for a jury trial; however, before expending the resources inherent in such a trial, the Court held a pre-jury evidentiary hearing on August 18, 2010, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F. 3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-36. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. *(quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2 (1986)).

Additionally, at the hearing, Defendants raised the defense of qualified immunity. In support of their position, Defendants filed a Trial Brief (Doc. No. 52). After careful consideration of the evidence in this matter, the Court finds that Defendants are entitled to qualified immunity and,

therefore, this matter should be DISMISSED.

## II. FACTS

At the hearing, the Court heard from Mr. Webb. Plaintiff is 22 years old and has a history of anti-social personality disorder; he has been prescribed Paxil for this disorder. Plaintiff also suffers from a seizure disorder, and has a history of self-mutilation.

At the time of the May 31, 2009, incident, Plaintiff was housed in punitive isolation at the Tucker Maximum Security Unit of the Arkansas Department of Correction (ADC). Mr. Webb had been trying to resolve "a conflict" with Sgt. Clark. Plaintiff's conflict centered around his water being shut off for a few days because he had flooded his cell.

He testified that, prior to the evening shift change around approximately 6:00 p.m., he decided he was not going to allow Sgt. Clark to "go home that easy." Therefore, using his clothes, he clogged the toilet and flooded his cell and the neighboring cells.

Sgt. Clark and Officer Parker responded to Webb's cell to stop the flooding. Sgt. Clark used his baton to remove the clothing from the toilet and stopped the flooding. While in the cell, Sgt. Clark shook out a bed sheet that Webb had used to wrap his personal property to protect it from water damage. This caused the property to fall into the water. Plaintiff became angry with Sgt. Clark and verbally expressed his dissatisfaction with the officers barging into his cell.

Plaintiff testified that he then bent down to pick up his belongings, and Sgt. Clark used his baton and began choking him from behind. During the ensuing struggle, Webb ended up with Clark's baton. Officer Parker ordered Plaintiff to "stop resisting, catch the cuffs," but did not otherwise intervene. Sgt. Clark eventually subdued Plaintiff.

Plaintiff testified he suffers from chest and muscle pain from this incident. He further stated there is a possibility he has a pinched nerve and neuropathy.

### III.   ANALYSIS

#### A.   Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

In ruling on a qualified immunity defense, the Court must take the facts in the light most favorable to Plaintiff and determine (1) whether facts alleged or shown by plaintiff make out violation of constitutional right, and (2) if so, whether that right was clearly established at time of defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001)(*overruled in part on other grounds by Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 818 (2009)). In making these determinations, "courts may exercise their sound discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case...." *Saucier*, 533 U.S. at 202. In ruling on a summary judgment motion asserting qualified immunity, the evidence must be taken in a light most favorable to the Plaintiff. *Treats v. Morgan*, 308 F.3d 868 (8th Cir. 2002).

"The Supreme Court has generously construed qualified immunity protection to shield 'all but the plainly incompetent or those who knowingly violate the law.'" *Littrell v. Franklin*, 388 F.3d

4

578, 582 (8th Cir. 2004) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "In other words, 'officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Id. (quoting Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992).

"To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Id*. The subjective inquiry asks whether the force was applied "'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Arnold v. Groose*, 109 F.3d 1292, 1298 (8th Cir.1997) (*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Given the totality of the circumstances, the Court concludes that Defendants' actions were in good faith to restore order. These events occurred in the punitive isolation wing of the maximum security unit. It began entirely with Plaintiff becoming angry at Sgt. Clark and flooding his cell and other cells in the block. Plaintiff admits he verbally expressed his disagreement with Clark and Parker barging into his cell to stop the flooding. A struggle ensued and Plaintiff ended up with Clark's baton. Considering all of these facts in the light most favorable to Plaintiff, the Court concludes that Defendants' conduct did not violate a clearly established constitutional right. Furthermore, Defendants are entitled to some deference in their decision-making while responding to this potentially violent scenario. *See Whitley v. Albers,* 475 U.S. 312 (1986).

Accordingly, the amount of force used by jailers was reasonable in light of their interest in maintaining order. Because the Court finds that Defendants' use of force was reasonable under the

circumstances, Defendants are entitled to qualified immunity without further inquiry. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Accordingly, Defendants are entitled to qualified immunity and this matter should be dismissed.

## IV.   CONCLUSION

Defendants are entitled to qualified immunity. Therefore, the Court recommends that all claims against them should be dismissed as a matter of law, without further hearing.

IT IS SO RECOMMENDED this 26th day of November, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE